# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1630

_____

Thomas Pellegrino,                          *
                                            *
              Appellant,                     *
                                            *
      v.                                     *
                                            *
William Janklow, SD State Governor;         *    Appeal from the United States
Jeff Bloomberg, SD Secretary of             *    District Court for the
Corrections; Douglas Weber, Warden,         *    District of South Dakota
SD State Penitentiary; Elmer Miller,        *
Unit Manager, SD State Penitentiary;        *    [UNPUBLISHED]
R. L. Kuemper, Unit Manager, SD             *
State Penitentiary; Al Madsen,              *
Counselor, SD State Penitentiary;           *
Mr. Szody, Corrections Officer,             *
SD State Penitentiary; South Dakota         *
State Penitentiary Health Services;         *
Sioux Valley Hospital; William A.           *
Delaney, III; Doug Clark, SD State          *
Penitentiary Unit Counselor; Dave           *
Schiefen, SD State Penitentiary             *
Policy Analyst; Block, Unit Manager;        *
K. VanMeveren; Berke, Unit                  *
Counselor; Eugene Regier, M.D.;             *
Mr. Zike, in their individual capacities,   *
                                            *
              Appellees.                     *

_____

_____

Submitted: February 6, 2004

Filed: March 17, 2004
_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.
_____

PER CURIAM.

Thomas Pellegrino, a South Dakota inmate, appeals from the final judgment entered in the District Court[1] for the District of South Dakota, following the adverse grant of summary judgment and the subsequent adverse jury verdict in his 42 U.S.C. § 1983 action. For reversal, he generally takes issue with the grant of summary judgment and the jury's verdict, and he specifically argues the district court erred in (1) denying his motion to compel additional interrogatory answers from two defendants, (2) denying his motion to sequester two party witnesses, (3) allowing defendants to introduce an exhibit that may have contained a misrepresentation, (4) refusing to appoint counsel to assist him in preparing jury instructions, and (5) not admonishing counsel during closing argument for an allegedly prejudicial remark. He also has moved under Fed. R. App. P. 10(e) for a limited remand to the district court to correct the trial transcript. For the reasons discussed below, we affirm the judgment of the district court with one modification, and we deny Pellegrino's motion for a remand.

Upon de novo review of the record and the parties' submissions, we conclude that the district court properly granted summary judgment to defendants on Pellegrino's First Amendment, Eighth Amendment, state law, and supervisory-

_____

[1]The Honorable Lawrence L. Piersol, Chief Judge, United States District Court for the District of South Dakota.

-2-

liability claims.  See Frison v. Zebro, 339 F.3d 994, 997 (8th Cir. 2003) (standard of review).[2] The district court dismissed one First Amendment claim--the religious-diet claim--because Pellegrino had not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a).  While we agree that dismissal was appropriate, we modify dismissal of this claim to be without prejudice.  We find no plain error in the jury's verdict for defendants on Pellegrino's claim that he was transferred to a fourth-tier cell in retaliation for his litigation activities.  See Cross v. Cleaver, 142 F.3d 1059, 1069-70 (8th Cir. 1998) (plain error review when party did not move for judgment as matter of law).

We also reject as meritless all of Pellegrino's other arguments on appeal. Pellegrino's discovery requests were for irrelevant material and were overly burdensome, see Williams v. Mensey, 785 F.2d 631, 636-37 (8th Cir. 1986) (no gross abuse of discretion in denying motion to compel production of documents that were nondiscoverable or irrelevant); parties cannot be excluded from the courtroom, see Fed. R. Evid. 615; and there was no plain error in admitting the supposedly inaccurate exhibit because the witness who explained it noted that it depicted three fans, consistent with Pellegrino's understanding of what the exhibit should show, see

---

[2]Among other things, the evidence showed that the heat on the fourth tier (where Pellegrino was housed) did not pose an excessive risk to Pellegrino's health; missing seven meals over the course of four months did not deny him life's necessities; defendants treated Pellegrino approximately once a month for numerous illnesses and conditions and were not deliberately indifferent to his medical needs; Pellegrino suffered no actual injury from the denial of paper, photocopies, or mail privileges, from the closure of the law library, or from the assistance of contract attorneys; and Pellegrino failed to support his conspiracy claim.  Further, the evidence failed to show that, but for his litigation activities, Pellegrino would not have been forced to choose between recreation and library time, and his cell would not have been searched; and his contention about a box of his legal materials being hidden was wholly conclusory.  Finally, the evidence failed to support his claims of emotional distress and supervisory liability.

Financial Holding Corp. v. Garnac Grain Co., 965 F.2d 591, 596 (8th Cir. 1992) (plain error review).  We find no abuse of discretion in the district court's refusal to appoint counsel for Pellegrino, see Williams v. Carter, 10 F.3d 563, 566-67 (8th Cir. 1993) (abuse of discretion review); and we find no plain error in the court's failure to issue a curative instruction regarding defense counsel's closing argument comments, see Pavlik v. Cargill, Inc., 9 F.3d 710, 714-15 (8th Cir. 1993) (plain error review when party fails to make contemporaneous objection).

Accordingly, we affirm, but we modify the dismissal of the religious-diet claim to be without prejudice.  We deny Pellegrino's pending motion, as he may seek correction of the record in the district court.

_____